**People of the State of Illinois, Appellee, v. Steven Powers, Appellant.**

**Gen. No. 51,899.**

First District, Fourth Division.

November 20, 1967.

Byron P. Finegan, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago, for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Defendant was charged with speeding in violation of section 49(a)(2) UART, Ill Rev Stats (1965), c 95½, § 146. The State's case was based upon police testimony concerning use of a radar device. Defendant contended that such evidence was improperly admitted because, contrary to statute, the device had not been located at

the time more than 500 feet from the sign which indicated the maximum permitted speed. Section 49.01 UART, Ill Rev Stats (1965), c 95½, § 146.01. There was a dispute as to the exact location of the radar unit, it appearing that the testimony of the police witness on an earlier occasion had varied from that which he gave at this trial. The trial judge, however, found defendant guilty.

In this court the State's Attorney has filed a confession of error and asked that the case be remanded for a new trial. The error suggested has to do with the trial court's concept of the burden of proof in cases involving an affirmative defense. The judge stated at a post-trial hearing that defendant's proposition that the radar unit was within 500 feet of the speed sign was an affirmative defense, and that the burden of proving it was on the defendant. We agree with the State's Attorney that this is an erroneous position, as the defendant need only introduce some evidence of such a defense (if the State's evidence has not already raised the issue), and when this has been done, the State must then sustain the burden of proof on that issue as well as on the elements of the crime. Ill Rev Stats (1965), c 38, § 3–2.

In People v. Kelly, 66 Ill App2d 204, 209–210, 214 NE2d 290, we held that a confession of error calls for a judicial determination on our part, and we are therefore not bound to recognize the error confessed, nor to adopt the suggested remedy for its cure. As indicated above, our study of the record in this case does lead us to agreement with the parties that reversible error is present here, but defendant urges us to reverse without remand because of total failure of essential proof as to the location of the radar unit. With this position we cannot agree, because there was such required testimony, and it is not our function to determine the degree to which the police

witness' impeachment affected his credibility. That is for the trial court to decide from a better vantage point.

The judgment of the circuit court is reversed and the cause remanded for a new trial.

Reversed and remanded.

DRUCKER and McCORMICK, JJ., concur.