THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT OWENS, JR., Defendant-Appellant.

First District (1st Division)   No. 76-1123

Opinion filed January 9, 1978.

Howard T. Savage and Patricia Unsinn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Dale Woloshin, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

On October 29, 1975, Robert Owens, Jr. (petitioner), pleaded guilty to aggravated battery and was sentenced to probation for 3 years. On February 25, 1976, petitioner filed a motion to vacate his conviction and sentence. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) After hearing argument of counsel on April 9, 1976, the trial court denied the petition. Petitioner has appealed.

The petition alleged that the prior conviction and sentence should be vacated because at the time of the guilty plea, petitioner "was unable to understand the nature and purpose of the proceedings against him and to assist in his defense." Petitioner alleged that facts unknown to the trial court at the time of the plea would have raised a *bona fide* doubt as to petitioner's fitness to stand trial or to be sentenced. No fitness hearing had been conducted prior to acceptance of the guilty plea.

The petition was supported by an affidavit by counsel alleging that on October 29, 1975, petitioner pleaded guilty to aggravated battery and was sentenced without a fitness hearing. On November 7, 1975, petitioner was arrested for armed robbery and his motion for a behavioral clinic examination concerning his fitness to be tried was denied. However, after the filing of an information against petitioner, an examination of his fitness by the Psychiatric Institute of the circuit court was ordered. On February 5, 1976, Dr. Lorimer of the Institute determined that petitioner was not fit to stand trial. A copy of a report by Dr. Lorimer was appended to the affidavit. The affiant further stated that petitioner had been examined by Dr. Kranzler, a treating physician, on January 22, 1976. The doctor determined that petitioner suffered from severe brain damage from a head injury incurred in 1969. A copy of a letter from Dr. Kranzler to defense counsel was appended to the affidavit. The affidavit further alleged that on February 18, 1976, pursuant to an evidentiary hearing, petitioner had been found unfit to stand trial on the armed robbery charge.

The State filed a confession of error in this court, requesting that the cause be remanded for an evidentiary hearing on the section 72 petition. The confession of error stated that "error was committed * * * in that the trial court mistakenly denied a hearing on the Motion [petition] on the basis that there was nothing on the day the guilty plea was entered that would lead him to conclude that the defendant was incompetent."

Defendant filed objections to the form of the order proposed by the State, urging that no evidentiary hearing was necessary because the State had admitted the facts alleged in the section 72 petition by failing to file an answer or counteraffidavits. Petitioner concluded that this court should hold that the allegedly admitted facts would have been sufficient to raise a *bona fide* doubt of petitioner's fitness, had they been presented to the trial court at the time of the plea. Accordingly, petitioner urges that the judgment entered upon the plea should be vacated by this court and a new trial ordered.

■■ We cannot agree with petitioner's contention that the State's failure to answer the petition or to file counteraffidavits requires judgment for petitioner. By the order challenged by petitioner, the trial court denied the section 72 petition following the State's oral "motion to dismiss * * *" made without objection during argument of counsel on April 9, 1976. At that stage of the proceedings, no answer or counteraffidavits were necessary and no judicial admission could result from a failure to file either of these documents. Even if the defendant had insisted upon the filing of a written motion by the State, this would have admitted the well pleaded facts of the petition only for purposes of determining the legal sufficiency of the petition. (*Carlstedt v. Kaufmann* (1970), 119 Ill. App. 2d 322, 325-26, 256 N.E.2d 146; see *Goodman v. Regional Transportation Authority* (1976), 66 Ill. 2d 20, 21-22, 360 N.E.2d 51.) In our opinion, the sole question in this appeal is the legal propriety of the dismissal of the petition; that is, the legal sufficiency of the petition.

■■ At the outset, we note that the parties are in agreement that the trial court erred in dismissing the petition in reliance on the fact that no indications of petitioner's unfitness were apparent at the time the guilty plea was accepted. (See *e.g., People v. Anderson* (1964), 31 Ill. 2d 262, 201 N.E.2d 394.) The State's confession of error and proposed order should be afforded some weight. However, we are not relieved of our judicial obligation "to make an independent determination of the question." (*People v. Patrick* (1977), 46 Ill. App. 3d 122, 124, 360 N.E.2d 792, and cases there cited. See also *Young v. United States* (1942), 315 U.S. 257, 258-59, 86 L. Ed. 832, 62 S. Ct. 510; *People v. Powers* (1967), 89 Ill. App. 2d 120, 122, 233 N.E.2d 93.) We will therefore evaluate the legal sufficiency of the petition to determine whether dismissal was proper. For this purpose, we will consider as true the petition, affidavit and exhibits attached thereto as these matters were considered by the trial court without objection. *Costas v. People* (1956), 9 Ill. 2d 534, 535, 138 N.E.2d 468.

■■ The root principle in this case is that "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to

assist in preparing his defense may not be subjected to a trial." (*Drope v. Missouri* (1975), 420 U.S. 162, 171, 43 L. Ed. 2d 103, 113, 95 S. Ct. 896.) Once a *bona fide* doubt has been raised as to the fitness of defendant to stand trial, due process requires a hearing at which the State must prove defendant's fitness. (See *People v. McCullum* (1977), 66 Ill. 2d 306, 314, 362 N.E.2d 307.) The law of Illinois requires that to obtain post-conviction relief under section 72 after a judgment entered upon a guilty plea accepted without a fitness hearing, a petitioner must plead and prove that facts existed at the time of the guilty plea which, if then known to the trial court, would have raised a *bona fide* doubt as to defendant's fitness to stand trial. *People v. McLain* (1967), 37 Ill. 2d 173, 178, 226 N.E.2d 21; *McDowell v. People* (1965), 33 Ill. 2d 121, 124, 210 N.E.2d 533; *People v. Anderson* (1964), 31 Ill. 2d 262, 266.

In our opinion, the petition with its supporting affidavit and exhibits contains allegations to state a legally sufficient claim for relief under section 72. (Ill. Rev. Stat. 1975, ch. 110, par. 72.) These documents charge that at the time the plea was entered petitioner was incompetent because of the persistent effects of organic brain damage he suffered in 1969. In addition, about three months after the guilty plea was accepted, an examining psychiatrist, Dr. Lorimer, concluded: "because of his organic mental illness, [petitioner] is not able to cooperate with [his] attorney towards a fair trial." Thirteen days later petitioner was adjudged unfit for trial upon an unrelated charge by the circuit court. The affidavit of defense counsel asserts that, because of the medical reports and the adjudication of unfitness, "and the fact that the illness with which the Defendant is now afflicted dates from damage incurred in 1969, Affiant has a bona fide doubt as to the fitness of the Defendant to stand trial and be sentenced on October 29, 1975."

■■■ We conclude that the above allegations raise an inference that petitioner's unfitness for trial, found to exist 3½ months after his guilty plea, was causally related to the antecedent organic brain damage and its resultant ill effects suffered by petitioner from 1969 through the time the plea was entered. In so deciding, we are aware that the psychiatrist's report was made and the fitness hearing of February 18, 1976, occurred after the guilty plea was accepted and therefore could not have been known to the trial court at the time of the plea. The supreme court has stated that post-judgment facts should not serve as independent bases for section 72 relief. (*Costas v. People* (1956), 9 Ill. 2d 534, 538.) However, in our opinion, the brief interval between the guilty plea and the later finding of unfitness for trial, combined with the allegations of persistent organic brain damage and organic mental illness at the time of the plea, create inferences of facts sufficient to support a claim for relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72).

We conclude that the facts alleged in the petition and the fair inferences arising from them would have raised a *bona fide* doubt as to petitioner's fitness to stand trial on October 29, 1975, if these facts had been presented to the trial court. The oral motion to dismiss was improperly granted. The cause is remanded for further proceedings at which the State may, if it so desires, file an answer to the petition with an evidentiary hearing to follow upon any disputed issues of fact concerning the allegations of the petition. (See *People v. Walton* (1973), 15 Ill. App. 3d 896, 899-900, 305 N.E.2d 395, *appeal denied* (1974), 55 Ill. 2d 606.) If such answer is not filed, the trial court is directed to vacate the plea of guilty and to grant petitioner a new trial upon the information.

Judgment reversed and cause remanded with directions.

McGLOON and O'CONNOR, JJ., concur.