THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MARY D. FENELON *et al.* , Defendants-Appellees.

Second District    Nos. 79-752, 79-753 cons.

Opinion filed September 8, 1980.

192

Peter J. Woods, State's Attorney, of Oregon (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

John F. McNamara, of Rockford, for appellees.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendants were charged by information on July 24, 1979, with unlawful possession of cannabis in violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1979, ch. 56½, par. 704(d)). The State appeals the court's order granting the defendants' motions to suppress physical evidence and quash the search warrant. We affirm.

The court's order found probable cause existed for the issuance of the warrant, but concluded the warrant itself was overbroad since it was issued to permit a search of the entire house rather than just the refrigerator. The affidavit upon which the warrant was issued contained the following information: the affiant was a Rochelle police detective. He stated he talked with a confidential informant on July 23, 1979. The affiant based the informant's reliability on the fact his information in the past had led to the arrest of at least 10 persons with seven convictions, and three cases pending

for burglary, possession of stolen property, and possession of cannabis and hypodermic syringes. The affiant reported the informant told him that within the past three days he had asked an anonymous third person if he could buy some marijuana from him. The anonymous third person said he had none, but he knew he could get some from a woman who lived on Flagg Road. The informant then went with the anonymous third person to a farm on Flagg Road, where he dropped off the anonymous third person by the house and then waited nearby. The informant told the affiant he knew that the anonymous third person had no marijuana before going into the house. When the person came out of the house, he had approximately one ounce of marijuana with him which he and the informant smoked, thereby enabling the informant to identify the substance as marijuana since he had used marijuana in the past. The anonymous third person told the informant that the woman "has got a [w]hole refrigerator full of grass and that she had said that she was going to wait for the supply in Rochelle to dry up and than [sic] sell hers."

As a result of the search of the premises, 93 grams of marijuana were found and defendant Fenelon and defendant Greer, who lived with Fenelon in the house which apparently belonged to Fenelon or her family, were charged with possession of 30 to 500 grams of marijuana, a Class 4 felony. According to the record, marijuana was found in locations other than the refrigerator, but there was no accounting made as to how much marijuana was found in each of the various locations.

■■ The State's brief addressed primarily the issue of overbreadth since the court's order specifically found that probable cause for issuance of the warrant existed. Defendant Greer did not file an appeal brief. Defendant Fenelon's brief addressed both the issue of overbreadth and probable cause for issuance of the warrant. Preliminarily, the State argues defendant Fenelon is precluded from seeking review of the probable cause issue because it would amount to allowing a criminal defendant an impermissible interlocutory cross-appeal. The State cites *People v. Perez* (1979), 72 Ill. App. 3d 790, and *People v. Kepi* (1978), 65 Ill. App. 3d 327, for this proposition; however, we find these cases distinguishable in that the defendants in those cases sought to present either new issues or defenses on appeal, whereas the issue of probable cause in the instant case was included in the defendants' motion to suppress and was argued before the trial court. As such, we consider *People v. York* (1963), 29 Ill. 2d 68, to be on point for the proposition that the question before a reviewing court is the correctness of the result reached by the trial court, and not the correctness of the reasoning upon which the result was reached. Therefore, in determining whether the court's ruling was manifestly erroneous (*People v. Rogers* (1979), 71 Ill. App. 3d 1046), the issues of probable cause and overbreadth are both properly before this court.

The search warrant was issued solely on the basis of the affidavit; there was no indication in the record that any testimony or evidence other than the affidavit was received by the issuing judge. The affiant had no personal knowledge of the underlying circumstances. The affidavit was based on information he had received from a confidential informant. As such, the affidavit must meet the two-pronged test prescribed by the *Aguilar* and *Spinelli* cases. (*Aguilar v. Texas* (1964), 378 U.S. 108, 114, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514; *Spinelli v. United States* (1969), 393 U.S. 410, 413, 21 L. Ed. 2d 637, 641, 89 S. Ct. 584, 587.) In essence, those cases hold that the issuing judge must be informed of the underlying circumstances from which the informant concluded that the property is where he claims it is, and some of the underlying circumstances from which the officer concluded that the informant was credible or his information was reliable.

■■ Despite argument by the State to the contrary, citing *United States v. DiNovo* (7th Cir. 1975), 523 F.2d 197, *cert. denied* (1975), 423 U.S. 1016, 46 L. Ed. 2d 387, 96 S. Ct. 449, this same two-pronged test must be met with regard to the informant's source of information (*i.e.*, the anonymous third person) since this case presents a hearsay upon hearsay situation. (*United States v. Roth* (7th Cir. 1967), 391 F.2d 507; *People v. Palanza* (1978), 55 Ill. App. 3d 1028.) We believe the State's reliance on *DiNovo* is misplaced since the court in that case concluded that the affidavit sufficiently set forth both the requisite underlying circumstances and reliability of the informant who had supplied information to an agent who in turn supplied his fellow agent, the affiant, with the information. *DiNovo* reinforces rather than rejects defendant Fenelon's contention that the reliability of the anonymous third person must be shown before statements made by that third person may be considered in determining the existence of probable cause.

The State argues that the statements attributed to the anonymous third party which constitute hearsay upon hearsay were not necessary to the court's finding of probable cause. The State contends the informant's first-hand observation of the third person's entry into and exit from the house, coupled with the affiant's attestation to the informant's reliability, provided the requisite probable cause for the issuance of the warrant. However, the State also submits that the hearsay upon hearsay statements constitute a part of the total information available to the issuing judge in determining the existence of probable cause, and that those statements fortify the finding of probable cause.

Our review shows the affidavit was deficient in several respects as to both the confidential informant and the anonymous third person. Although the recitation of the confidential informant's past success as an informant would support a finding of his reliability (*People v. Thomas* (1975), 62 Ill. 2d 375), the recitation of the underlying circumstances from which the

informant concluded there was marijuana in the house is deficient in that it sets forth no underlying facts which would support the informant's conclusion that the anonymous third person did not have any marijuana with him when he entered the house. It can only be presumed the informant knew this because the anonymous third person told him he did not have any, but knew where he could get some. Since absolutely no facts are set forth which would indicate the anonymous third person was reliable, these statements of his must be disregarded in determining probable cause. Likewise, the third person's statements regarding the refrigerator and the defendant's plans to sell her supply after Rochelle's was exhausted must be disregarded. The skeletal facts remaining in the affidavit are these: within the past three days, the informant asked another person if he could buy some marijuana from him. The informant went with the person to a farm. The informant dropped the person off by the house and waited nearby. When the person came out of the house he had approximately one ounce of marijuana with him. The informant and the person smoked the marijuana which the informant knew was marijuana because he had used marijuana in the past.

■■ Standing alone, these facts do not establish either that the marijuana was in fact obtained in the house, nor the present probability that it existed there at the time the warrant was issued. We find, therefore,that the trial court's order suppressing the evidence and quashing the warrant was not manifestly erroneous. In so finding, we expressly reject the State's argument that the hearsay upon hearsay statements constitute a part of the total information available to the issuing judge, and that they may be used to fortify an otherwise deficient affidavit. To permit the State such fortification of the affidavit would, in all fairness to the defendants, require an equal amount of limitation on the scope of the warrant issued pursuant to such hearsay upon hearsay as well. The affidavit must support a finding of probable cause without such fortification.

The judgment of the circuit court of Ogle County is affirmed.

Judgment affirmed.

VAN DEUSEN and WOODWARD, JJ., concur.