THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ANN M. CLARK, Defendant-Appellee.

Second District   No. 79-854

Opinion filed April 28, 1981.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson, Paul J. Glaser, and John J. Barrett, all of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Ann M. Clark, was charged by information with unlawful possession of more than 30 but less than 500 grams of cannabis (Ill. Rev. Stat. 1979, ch. 56½, par. 704(d)). Her motion to suppress evidence seized pursuant to a search warrant was granted. The State brings this appeal.

A search warrant authorizing police to search defendant's apartment for marijuana and drug-related paraphernalia was issued on August 22, 1979. The application for the warrant was accompanied by an affidavit signed by Elgin Police Detective Mark Buitson. The affidavit, in relevant part, states as follows:

"1. The complainant is a sworn member of the Elgin Police Department

2. 08/16/79, the Complainant met with a confidential source, who stated that a white female named Annie Clark is selling cannabis from her apartment at 327 DuPage. The confidential source then said that the confidential source had used cannabis from some time and has purchased it from Annie Clark on a regular basis.

3. The complainant met with Detective Copher, who advised the complainant he had met with a reliable informant who stated that Annie Clark is dealing cannabis from her apartment at 327 DuPage.

4. 08/17/79, the complainant participated with the confidential source in the controlled purchase of approximately ½ ounce of cannabis from Annie Clark at 327 DuPage. Prior to the controlled purchase, the complainant searched the confidential source and determined the confidential source had no contraband, and after the purchase, the complainant again searched the confidential source and determined the confidential source had only the cannabis which the confidential source had purchased. The confidential source stated while in the residence at 327 DuPage the confidential source observed about one pound of cannabis.

5. The complainant field tested the suspect cannabis and a positive reaction for the presence of cannabis was received.

6. 08/20/79, The complainant participated with the confidential source in the controlled purchase of approximately 10 grams of cannabis from Annie Clark at 327 DuPage. Prior to the controlled purchase, the complainant searched the confidential source and determined that the confidential source had no contraband, and after the purchase the complainant again searched the confidential source and determined the confidential source had only the cannabis the confidential source had purchased.

7. The complainant field tested the suspect cannabis and a positive reaction for the presence of cannabis was received.

8. 08/21/79, The complainant met with the confidential source who stated that during the evening the confidential source was in Annie Clark's apartment at 327 DuPage, and observed a large quantity of cannabis."

Pursuant to the warrant, the Elgin police conducted a search of the apartment at 327 DuPage. While on the premises they confiscated between 252 and 297 grams of marijuana. This evidence was later suppressed upon a motion by defendant on the ground that the affidavit supporting the warrant failed to establish the underlying circumstances from which the affiant concluded that the informer or his information was worthy of belief.

■■ It is well settled that an affidavit based on hearsay information, as is this affidavit, provides a sufficient basis for a finding of probable cause as long as it meets the two-prong test of *Aguilar v. Texas* (1964), 378 U.S. 108, 114, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514: First, the judge must be informed of some of the underlying circumstances from which the informant concluded that the defendants were involved in criminal activ-

ities; second, the judge must be informed of some of the underlying circumstances from which the affiant concluded that the informer or his information was worthy of belief. See *People v. Gates* (1980), 82 Ill. App. 3d 749, 753; *People v. Linder* (1975), 24 Ill. App. 3d 995, 997.

In the case before us, there is no question that the affidavit satisfies the first prong of the *Aguilar* test. The question before this court is whether this affidavit satisfies the second prong, that is, "whether there is 'a substantial basis' for the magistrate to credit the hearsay." *People v. Linder* (1975), 24 Ill. App. 3d 995, 998; see *United States v. Harris* (1971), 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075.

■■ The second prong of *Aguilar* is generally satisfied by allegations that the informant has been used on past occasions and that the information received from the informant has proved to be accurate. (See *People v. Parker* (1968), 42 Ill. 2d 42.) Here, the affidavit contains no allegation that the informant had been successfully used on other occasions. However, the establishment of veracity under the second prong of *Aguilar* is not restricted to a showing of the informant's previous reliability as measured by prior arrests and convictions. (*People v. Derry* (1979), 73 Ill. App. 3d 721, 725.) The court may consider other factors such as the informant's statements against penal interests, the affiant's own knowledge of defendant's reputation or prior criminal activities, a more than ordinarily detailed description of the suspected criminal activities or an independent corroboration of the informant's tip. (*People v. Derry* (1979), 73 Ill. App. 3d 721, 725; *People v. Linder* (1975), 24 Ill. App. 3d 995, 998.) In other words, the internal content of the affidavit can intrinsically prove the reliability of the informant's words. See *United States v. Unger* (7th Cir. 1972), 469 F.2d 1283, 1286.

None of those factors are present in this affidavit. Because the informer's statements were the result of a controlled purchase, the statements were not made against penal interests. Similarly, the affiant has not alleged personal knowledge of any activities or prior criminal involvement of the defendant, nor is there a more than ordinarily detailed description of the suspect's alleged criminal activities. Further, the affidavit does not contain sufficient allegations to independently corroborate the informer's statements and thereby establish a substantial basis for crediting the hearsay accusations. See *People v. Derry* (1979), 73 Ill. App. 3d 721; *People v. Collins* (1977), 45 Ill. App. 3d 544.

The only allegations that corroborate the informant's statements are that prior to and after each of the controlled purchases, the affiant searched the confidential source. Prior to the purchases, the affiant found no contraband and after each purchase, he found cannabis. The affidavit, however, fails to relate when or where these body searches took place. Furthermore, the affiant fails to state when or even if the informant was

ever observed entering the defendant's premises at 327 DuPage. Standing alone, these facts do not establish either that the marijuana was in fact obtained at that address or the probability that it existed there at the time the warrant was issued. (See *People v. Fenelon* (1980), 88 Ill. App. 3d 191, 195.) These limited allegations are insufficient to establish that the marijuana was purchased on this particular occasion at this particular location; moreover, it does not strain the imagination to conclude otherwise. (See *People v. Collins* (1977), 45 Ill. App. 3d 544, 549.) To determine probable cause for the issuance of the search warrant, the issuing magistrate would have to have relied upon inferences drawn from facts not alleged in the affidavit. "Absent such factual allegations, or other grounds from which an issuing magistrate could reasonably credit the informer's accusations, the affidavits are defective and the warrants cannot stand." *People v. Parker* (1968), 42 Ill. 2d 42, 44-45.

While we do not suggest that the following occurred, we point out that the affiant police officer could have conducted the body search of the informant at the police station and remained there while the informant obtained the cannabis. Under those circumstances, the officer could truthfully sign the affidavit in question without sufficiently corroborating the information provided by the confidential source. As was stated in *Aguilar v. Texas*:

> " 'The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." 378 U.S. 108, 111, 12 L. Ed. 2d 723, 726, 84 S. Ct. 1509, 1512, citing *United States v. Johnson* (1948), 333 U.S. 10, 13-14, 92 L. Ed. 436, 440, 68 S. Ct. 367, 369.

In order for the judge to perform his duty, he must be supplied information upon which to act. This supporting affidavit failed to disclose sufficient facts from which the issuing judge could evaluate the credibility of the hearsay. Absent those facts, the issuing judge could not make an independent determination that there was probable cause for the issuance of the search warrant.

We affirm the order of the trial court granting the defendant's motion to suppress and remand the cause to the circuit court of Kane County for further proceedings.

Affirmed and remanded.

UNVERZAGT and NASH, JJ., concur.