THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LAURA EXLINE, Defendant-Appellee.

Third District    No. 81—465

Opinion filed August 31, 1982.

BARRY, P. J., dissenting.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Gerald G. Kielian, of Gray, Kleczek & Kielian, P. C., of Joliet, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

The State appeals from an order of the trial court suppressing evidence that narcotics agents seized pursuant to a search warrant. The trial court ruled the warrant was not supported by probable cause.

On October 10, 1980, the trial court issued a search warrant to search the apartment of Jeff Smith. The defendant, Laura Exline, lived in the apartment with Smith. An agent of the Metropolitan Area Narcotics Squad stated in his complaint in support of the warrant that he met with a confidential informant within the previous 10 days. This informant told the agent he could purchase cannabis from Jeff Smith. The agent searched the informant, found no drugs or money, and gave him prerecorded funds with which to purchase cannabis from Smith. The agent drove the informant to the apartment building that Smith resided in. The agent described this building as a three-story multifamily apartment complex.

On arrival, the informant went into the building entrance. Once past the entrance, the agent could not see the informant. The informant came out of the building a short time later and told the agent that he could purchase cannabis. When the agent told the informant to make the purchase, he returned to the building. When the informant emerged from the building again, he returned to the agent's auto and gave him the substance he purchased. The agent searched the informant again and found no money or drugs. The agent's field test on the substance indicated it was cannabis.

The agent and the informant repeated this procedure a few days

later with identical results. Within five days prior to the complaint, the informant made another controlled purchase under the agent's supervision. On the third occasion, the informant offered to purchase cannabis and made the purchase without returning to the agent's car in the interim. In all other respects the circumstances of the three purchases were substantially identical. The informant told the agent he saw other quantities of cannabis in Smith's apartment. The agent checked the Joliet telephone directory to confirm the address and apartment number that the informant stated Smith lived in.

A trial court issued a search warrant to search Smith's apartment for cannabis, hashish, drug paraphernalia and proof of residency. The agents executed the search warrant and found cannabis, weapons and proof of the defendant's residency at that apartment. The State has now charged the defendant with possession of cannabis with intent to deliver, possession of a controlled substance and unlawful use of weapons.

The trial court granted the defendant's motion to suppress evidence seized pursuant to the search warrant. The court based its ruling on *People v. Clark* (1981), 95 Ill. App. 3d 496, 420 N.E.2d 259, and also stated that there was no evidence demonstrating the reliability of the informant. The State now appeals this ruling.

■ Under *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, the State can use hearsay statements of confidential informants to establish probable cause if the magistrate is informed of the basis of the informant's knowledge as well as evidence of the informant's credibility. The State must satisfy both parts of the *Aguilar* test. The first part of the test is not in issue. The informant is speaking from personal knowledge and observation. This court must determine whether the State satisfied the second part—often called the "veracity prong"—of that test.

■ The issue here is whether the complaint for a search warrant adequately demonstrates to the trial court that the informer is a reliable or credible person. Credibility can be demonstrated in several ways: The past performance of the informer may indicate he is credible. (*McCray v. Illinois* (1967), 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056, *rehearing denied* (1967), 386 U.S. 1042, 18 L. Ed. 2d 616, 87 S. Ct. 1474.) In the case at bar, there are no allegations concerning the informant's past performance. The State can show credibility by examining statements of the informer that are against his penal interest. (*United States v. Harris* (1971), 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075.) No such statements exist in the instant case. An unusually detailed report of criminal activities may prove the reliability

of an informant. (*People v. Derry* (1979), 73 Ill. App. 3d 721, 392 N.E.2d 301.) There is no extraordinary detail in this case. The State argues, however, that the informant's credibility is adequately demonstrated by the agent's close supervision of the informant's controlled purchases of cannabis.

The State asserts the credibility of the informant based on the surveillance of him during the controlled purchases. Such close supervision creates a high probability of truth. The State concedes, as it must, the informant was unsupervised once he left the view of the officers and entered an apartment building with an unknown number of apartments. This was the critical time period. The informant said that he went to the Smith apartment, saw cannabis in the Smith apartment and purchased cannabis from Smith. The agents saw nothing once the informant entered the apartment building. The court has only the word of the informant that he saw and did those things that he later reported to the agents. If this statement is to support a finding of probable cause, the court must be informed of evidence which demonstrates the probable veracity of the informant.

■ We agree with the trial court that this crucial evidence is completely missing in this case. As the trial court alluded to in its ruling, the informant could have obtained the cannabis from any place in the building and then named Smith as the source and Smith's apartment as the location. He can repeat this procedure as often as he wants, but that does not lend his charges any additional credibility. Furthermore, the fact that Smith is listed in the telephone directory at the apartment in question only corroborates an innocent fact readily obtainable from a hallway directory or mailbox. It does not make the informer's statements any more credible. The State failed to establish the credibility of the informant, thus failing to satisfy the *Aguilar* test.

The State cites two courts that have ruled, under analogous fact situations, that the police department's close surveillance of an informant during a controlled purchase provides the requisite indicia of credibility. (*State v. Barrett* (1974), 132 Vt. 369, 320 A.2d 621; *State v. Gamage* (Me. 1975), 340 A.2d 1.) The doctrine the State urges in the instant case would frustrate the purposes of the fourth and fourteenth amendments. The assessment of the informant's credibility would be left to the law enforcement agent. Those amendments, however, command such determinations to be made by a neutral magistrate. *Aguilar v. Texas* (1964), 378 U.S. 108, 114-15, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514.

The ruling of the circuit court of Will County is affirmed and the

cause is remanded.

Affirmed and remanded.

STOUDER, J., concurs.

PRESIDING JUSTICE BARRY, dissenting:

The question on this motion to suppress is whether the complaint for search warrant sets forth sufficient facts to show probable cause for issuance of the warrant. The Supreme Court of Illinois has discussed "probable cause" as follows:

"Probable cause means simply that the facts and circumstances within the knowledge of the affiant, and of which he had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the premises or vehicle or on the person to be searched. [Citations.] There need not be a showing of guilt beyond a reasonable doubt in order to establish probable cause." *People v. Francisco* (1970), 44 Ill. 2d 373, 376, 255 N.E.2d 413, 415.

The trial court in this case suppressed the evidence obtained by the police on the mistaken assumption that *People v. Clark* (1981), 95 Ill. App. 3d 496, 420 N.E.2d 259, required such a ruling. The affidavit in *Clark* failed to state whether the informant was ever observed entering the premises at the address where the defendant had an apartment. *That* was the fatal defect in the *Clark* case. Here, the informant was observed entering the premises not once, but three times. The informant was searched every time immediately before entering and immediately after exiting the premises. Each time the affiant observed the informant walk directly into the apartment building entrance which led to Jeff Smith's (and defendant's) apartment on the first floor. Furthermore, the informant's veracity was corroborated by the fact that the address and apartment number he provided for Jeff Smith were listed in the city directory. Whether he obtained that number from a directory in the lobby or from the door of the apartment is of no consequence. I believe the affidavit is a sufficient demonstration of the informant's reliability to satisfy the "veracity prong" of the *Aguilar* test. See *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L.Ed. 2d 723, 84 S. Ct. 1509.

Although the majority brushes aside two decisions of other States which upheld search warrants where the police officers did not observe the informant enter the precise apartment or hotel room re-

ported to be that of defendant, I find them to be most persuasive. In *State v. Gamage* (Me. 1975), 340 A.2d 1, 16, where the informant went to defendant's hotel room, the court stated:

> "We think that where an informer works in tandem with a law officer, the law officer continually coaching and observing the informer, the reports of the informer may be deemed credible even where certain material aspects of the informer's activities are without the officer's personal knowledge or observation. We think the law officer's physical proximity and active participation in the informant's intrigue is sufficient corroboration at least to provide, in part, a factual basis for the magistrate's conclusion that the informant is credible or his information reliable."

The Supreme Court of Vermont in *State v. Barrett* (1974), 132 Vt. 369, 320 A.2d 621, upheld a search warrant based upon facts almost identical to those in the instant case. The informant purchased LSD under a police-controlled procedure like the one utilized here, but he was not observed after he entered the apartment building. The court concluded that the procedure used by the police reduced reliance upon the credibility of the informer to a minimum. The court said, "The magistrate had enough facts to support a finding of probable cause, and had them in a form which rendered extended evaluation of the informant's credibility unnecessary," 132 Vt. 369, 374, 320 A.2d 621 625.

I fear the decision handed down by the majority will greatly increase the burden upon police officers in those cases where the supplier of illicit drugs operates out of an apartment or hotel room. The United States Supreme Court after observing that affidavits for search warrants must be tested by courts "in a commonsense and realistic fashion," went on to state, "A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." (*United States v. Ventresca* (1965), 380 U.S. 102, 107-08, 13 L. Ed. 2d 684, 688, 85 S. Ct. 741, 746.) I believe the majority here has failed to test the agent's affidavit with common sense and realism, and instead is imposing a technical specificity which is improper and unnecessary. I would reverse the ruling of the trial court and permit the introduction of the evidence seized pursuant to the search warrant.