THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ORA T. BROWN, Defendant-Appellant.

Second District   No. 2—83—0547

Opinion filed March 26, 1985.

G. Joseph Weller and Kyle Wesendorf, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCHNAKE delivered the opinion of the court:

Defendant, Ora Brown, appeals from his convictions and sentences for driving while under the influence of alcohol and improper lane usage. He argues on appeal that the trial court erred in denying his motion to vacate its findings of guilt and to set the cause for a fitness hearing. He filed this motion after the circuit court of Winnebago County found him guilty in a bench trial of the above offenses and not guilty of two disorderly conduct charges, and before the scheduled sentencing hearing.

The court denied the motion on the grounds that article 104 of the Code of Criminal Procedure of 1963, which governs an accused's right to a fitness hearing (Ill. Rev. Stat. 1983, ch. 38, pars. 104—10 to 104—31), does not permit a defendant to procure a fitness hearing to determine his fitness to be tried after he has been found guilty, and

that article 104 does not apply in proceedings based upon violations of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, pars. 1 through 20). In denying defendant's subsequent motion to reconsider, the court stated that article 104 does not apply to a sentencing hearing in a misdemeanor proceeding. The court sentenced defendant to a 362-day term of imprisonment in the Department of Corrections. Defendant filed timely notice of appeal and argues that the trial court's bases for denying his motion were erroneous and that a *bona fide* doubt of his fitness existed.

Contemporaneous with the instant proceedings, defendant was charged with an unrelated felony. Two doctors examined him on August 27, 1982, and found him unfit to stand trial in that proceeding. The trial in the instant case commenced on September 24, 1982. The record on appeal does not contain a report of proceedings of the State's case in chief. According to the statement by the State's Attorney, the offense occurred on August 6, 1981. Two young girls on bicycles complained to police officers that defendant was following them in his car. The officers saw defendant weaving down the road behind them. Defendant made a U-turn in an unsuccessful attempt to avoid the officers. These officers had seen defendant a few minutes earlier appearing drunk and lying on a sidewalk. They warned him at the time that he was too drunk to drive, to which defendant replied, "Let's go get some babies."

After the State rested, the cause was continued until September 27, at which time defendant testified. It is unclear from reading the report of proceedings of that testimony as to its relevance to the charged offenses except that defendant denied any involvement in the charged offenses. The trial court then found defendant guilty of driving while under the influence and improper lane usage and ordered the preparation of a presentence report.

The probation officer who submitted the report explained in the report that the incompleteness of the report resulted from defendant's refusal to talk to the officer on the grounds that he had been falsely accused and framed. Further, defendant complained that he was the victim of a police plot and police persecution, advised that he "was in a coma and they poured something down me," and informed the probation officer that he had called the FBI to investigate the matter and was preparing to sue the police and the court systems. At a subsequent meeting, defendant appeared confused and stated that he did not "know what they are trying to do to me."

On October 26, 1982, defendant filed a motion to vacate the findings of guilty and for a fitness hearing. The motion alleged that it had

become apparent to counsel during the course of trial and since trial that defendant was unfit for trial and is presently unfit to participate in a sentencing hearing. He requested the appointment of a qualified expert to examine him pursuant to section 104—14 of the Code.

At the April 14, 1983, hearing on defendant's motion, his counsel represented that during the trial, defendant's testimony differed from what they discussed earlier. Two weeks after the trial, defendant came to his office in a tirade and pounded on the walls and glass desk complaining that he had not had a trial. Defendant's attorney continued that in the unrelated pending felony against defendant, two psychiatrists had examined defendant pursuant to court order and testified that defendant was unfit to stand trial or to be sentenced. Doctors who examined defendant at a mental health center also opined that defendant was unfit to stand trial and that he probably would not regain fitness within a one-year period of time. A copy of the letter prepared by the doctors of this mental health center, dated December 7, 1982, was tendered to the trial court. Further, the judge presiding over that felony proceeding found defendant unfit to stand trial.

The assistant State's Attorney agreed that a *bona fide* doubt as to defendant's fitness for sentencing existed. The court took judicial notice of everything presented to it and continued the cause.

On the next day, a public defender testified that the trial judge in the felony proceedings found defendant unfit on November 5, 1982, and discharged defendant on February 17, 1983. Defendant's counsel again sought the appointment of two psychiatrists, and the State voiced no objections.

The court denied the motion to vacate the findings of guilty because the trial had already terminated. He also ruled that article 104 of the Code does not apply to proceedings under the Illinois Vehicle Code. In scheduling the sentencing hearing, defense counsel then requested additional time, but the court gave him only 15 days. The court stated: "Well, let the record show this court did hear the trial. The defendant testified at the time of the trial. He was coherent to this court. He made sense to this court. I ruled against him. I could understand what he said. If you cannot get along with your client now, [defense counsel], that may be your problem. It certainly isn't mine."

On the date scheduled for sentencing, the trial court entertained defendant's motion to reconsider. In denying that motion, the trial court stated that not only does article 104 not apply to Illinois Vehicle Code proceedings, but it does not apply to sentencing hearings on

misdemeanors. The court then proceeded to the sentencing hearing. Defendant testified during the sentencing hearing. In this testimony, he gave his opinions as to the criminal justice system and society in general, and voiced his belief that he was being persecuted by the police. During the proceedings, his counsel admonished him to remain quiet. The court then sentenced him to 362 days in the Department of Corrections. Defendant filed notice of appeal on May 26, 1983.

Defendant argues that the two legal bases which the trial court advanced in denying his motion to vacate the findings of guilty and set the cause for a fitness hearing were erroneous. In this regard, defendant does not address the trial court's initial basis that section 104 of the Code does not apply to proceedings under the Illinois Vehicle Code. The State's response, in essence, concedes that the trial court may have set out erroneous bases upon which to deny defendant's motion, but that nevertheless the trial court found that there was no *bona fide* doubt as to defendant's fitness to stand trial or to be sentenced.

■ Requiring a defendant to stand trial or be sentenced when he is not competent to do so constitutes a denial of due process of law. (*People v. Chambers* (1976), 36 Ill. App. 3d 838, 842.) A defendant is unfit if, because of mental or physical problems, he is unable to understand the nature and the purpose of the proceedings against him or to assist in his defense. (Ill. Rev. Stat. 1983, ch. 38, par. 104—10; *People v. Davis* (1984), 127 Ill. App. 3d 49, 51.) When facts raising a *bona fide* doubt of a defendant's fitness are made known to the trial court, either from the court's observations of the defendant or by suggestions of counsel, the court must conduct a fitness hearing. (Ill. Rev. Stat. 1983, ch. 38, par. 104—11; *People v. Leiker* (1983), 115 Ill. App. 3d 752, 755.) The determination of whether a *bona fide* doubt of a defendant's fitness exists rests within the sound discretion of the trial court, who is in a superior position to observe the defendant and evaluate his conduct. (*People v. Lillard* (1983), 116 Ill. App. 3d 1062, 1066.) A trial court's failure to hold a fitness hearing will be overturned only when the trial court has abused its discretion. *People v. Wilson* (1984), 124 Ill. App. 3d 831, 836; *People v. Johnson* (1984), 121 Ill. App. 3d 859, 860.

■ The trial court in the instant case abused its discretion in denying defendant's motion. With respect to defendant's fitness to stand trial, section 104—11 of the Code specifically permits the issue to be raised before, during, or after trial. (Ill. Rev. Stat. 1983, ch. 38, par. 104—11(a).) Permitting a defendant to raise this issue after he has been convicted is consistent with the principle that the conviction

of a person who is in fact unfit to stand trial violates due process. (*People v. Eddmonds* (1984), 101 Ill. 2d 44, 56.) Thus, if a defendant was actually unfit to stand trial, the fact that his unfitness was not discovered until after he had been convicted does not expunge the due process violation. Several cases have permitted a post-conviction challenge to a defendant's fitness to stand trial, often in a section 72 proceeding (Ill. Rev. Stat. 1983, ch. 110, par. 72), recodified as section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). (See *People v. Jackson* (1980), 91 Ill. App. 3d 595 (subsequent to the defendant's conviction, he was found unfit to stand trial in an unrelated pending murder charge); *People v. Martinez* (1979), 78 Ill. App. 3d 590 (ordering presentence competency hearing may, but not alone, raise a *bona fide* doubt of the defendant's unfitness to have stood trial); *People v. Owens* (1978), 57 Ill. App. 3d 157 (fitness to plead guilty may be raised after plea has been entered); see also *People v. McLain* (1967), 37 Ill. 2d 173.) Consequently, if facts become known to a trial court subsequent to a defendant's conviction on the issue of the defendant's fitness to have stood trial, it is incumbent upon the trial court to exercise its discretion to determine whether there is a *bona fide* doubt that the defendant was unfit to have stood trial.

■■ The trial court's rationale for not conducting a fitness hearing to determine defendant's fitness to be sentenced was also erroneous. Section 104 of the Code does not differentiate between misdemeanor and felony proceedings. Section 100—2 of the Code specifically provides that the Code's provisions govern the procedure in all criminal proceedings except where provision for a different procedure is specifically provided by law. (Ill. Rev. Stat. 1983, ch. 38, par. 100—2.) Research has not disclosed any decisional law which limits the applicability of section 104 to sentencing hearings on felony convictions. Consequently, if facts were made known to the trial court on the issue of defendant's fitness, it was incumbent upon the trial court to exercise its discretion to determine whether a *bona fide* doubt as to defendant's fitness existed.

Although not addressed by defendant, it should be noted that neither statutory nor decisional law limits section 104's applicability only to offenses set out in the Criminal Code of 1961. Thus, section 104 would appear to be applicable to proceedings under the Illinois Vehicle Code.

The State argues that since the question before a reviewing court is the correctness of the result reached by the trial court, and not the correctness of the reasoning upon which the result was reached (see

*People v. Fenelon* (1980), 88 Ill. App. 3d 191, 193), defendant's conviction and sentence should be affirmed because the evidence did not establish a *bona fide* doubt as to his fitness. However, that proposition pertaining to appellate review would not be properly applied to the instant proceedings because the trial court failed to exercise its discretion in determining whether a *bona fide* doubt as to defendant's fitness existed. By not exercising its discretion, it is impossible to determine whether defendant's conduct evinced a *bona fide* doubt as to his fitness, especially in light of psychiatric reports subsequent to trial which found him unfit, and the finding of another circuit court judge that defendant was unfit to stand trial. As the court in *People v. Stribling* (1982), 104 Ill. App. 3d 969, explained, whether a *bona fide* doubt exists requires an examination of a wide range of manifestations and subtle nuances (104 Ill. App. 3d 969, 973), which cannot be made on review.

In support of its argument, the State relies upon the trial court's statement regarding his observations of defendant when he testified at trial. A reading of this statement in the context in which it was made does not lead to the conclusion that the trial court expressed its belief that no *bona fide* doubt as to defendant's fitness existed. The trial judge made that statement after defense counsel requested more time to prepare for the sentencing hearing in light of defendant's lack of cooperation. While in denying that request, the trial court stated that it understood defendant's testimony at trial and that defendant was coherent. This does not constitute a finding as to whether a *bona fide* doubt as to his fitness existed. The trial court had just ruled that it was not under a legal obligation to make a determination in that regard. Therefore, affirming the trial court on this basis requires the placement of excessive weight on the trial court's finding with respect to another matter not addressed to the issue of whether a *bona fide* doubt as to defendant's fitness existed.

■■ The effect of the psychiatric reports finding defendant unfit and the circuit court judge's finding in the felony proceeding that the defendant was unfit warrants discussion. A *bona fide* doubt as to a defendant's fitness to stand trial may be raised where a defendant is subsequently found unfit for sentencing. While a defendant can be fit to stand trial and yet later be unfit for sentencing, when he is found unfit for sentencing, a risk appears that he may have also been unfit to stand trial. (*People v. Johnson* (1984), 121 Ill. App. 3d 859, 861.) Thus, since the issue of defendant's fitness arose after his conviction, a finding of his subsequent unfitness would bear on his fitness to stand trial. Whether this retrospective finding of fitness applies de-

pends upon the circumstances of the case. (Compare *People v. Owens* (1978), 57 Ill. App. 3d 157 (determination after conviction of organic mental illness may imply an earlier lack of fitness to stand trial), with *People v. Riley* (1980), 89 Ill. App. 3d 438 (presentence examination conducted nine days after the trial which found him unfit for sentencing does not necessarily raise a *bona fide* doubt as to fitness to stand trial since cause of unfitness may have commenced or have been aggravated subsequent to trial); see also *People v. Martinez* (1979), 78 Ill. App. 3d 590, 597; *People v. Jackson* (1980), 91 Ill. App. 3d 595, 604-05.) Further, although psychiatric reports and opinions are not necessarily conclusive even in making the threshold determination of whether a fitness hearing is required (*People v. Turner* (1982), 111 Ill. App. 3d 358, 365), much weight is placed on the finding of psychiatrists. See *People v. Davis* (1984), 127 Ill. App. 3d 49, 53.

In addition to the above indicia of unfitness, defense counsel represented that defendant was uncooperative. This statement is a factor which the trial court should have considered in determining defendant's fitness. (See *People v. Davis* (1984), 127 Ill. App. 3d 49, 53.) Consequently, there were sufficient facts before the trial court which required it to exercise its discretion to determine whether a *bona fide* doubt as to defendant's fitness existed.

The judgment of the circuit court of Winnebago County is therefore reversed and this cause remanded for the trial court to make a determination of whether a *bona fide* doubt as to defendant's fitness to stand trial and to be sentenced existed, and for further proceedings, if necessary, in accordance with that finding.

Reversed and remanded.

LINDBERG and UNVERZAGT, JJ., concur.