THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODERICK ALLEN, Defendant-Appellant.

First District (5th Division)   No. 1—89—2416

Opinion filed August 30, 1991.

Michael J. Pelletier and Mitchell B. Katten, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Gail O'Brien, and Eileen M. O'Neill, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

Defendant Roderick Allen (Allen) was charged with attempted murder, armed violence and aggravated battery for the stabbing of his father. (Ill. Rev. Stat. 1987, ch. 38, pars. 8—4, 9—1, 12—4(a), 33A—2.) Although the trial court ordered, on numerous occasions, that Allen submit to psychiatric testing prior to trial, he repeatedly asserted his right to refuse such examination and the case proceeded to trial before a jury without the benefit of such testing.

At trial Allen presented the defense of self-defense and testified on his own behalf. The jury, however, found him guilty of armed violence and aggravated battery, although they could not reach a verdict on the attempted murder charge.

After trial the court ordered, at the request of counsel, that Allen be examined to determine his fitness for sentencing. Again, Allen refused to submit to an examination. However, a fitness hearing was held, at which time a psychiatrist testified, based upon letters Allen had written and information gleaned from Allen's family, that Allen was a paranoid schizophrenic and unfit for sentencing, but that he could be restored to fitness within a year. Based upon this testimony the court postponed sentencing.

After approximately four months, Allen was found to have been restored to fitness and was then sentenced to seven years' imprisonment in the Department of Corrections based on the armed violence conviction. He now appeals his conviction and sentence, asserting the following errors: (1) that he was denied his constitutional right to due

process of law because the trial court did not determine his fitness to stand trial although circumstances indicated that there was a *bona fide* doubt as to his fitness; (2) that he was denied a fair trial based upon improper arguments made by the prosecutor; and (3) that his sentence was unconstitutionally disproportionate to the offense charged in light of the fact that the jury could not reach a verdict on the attempted murder charge.

■ With respect to defendant's first issue, there is no question that a defendant is denied due process of law if he is required to stand trial at a time when he is incompetent to do so. (*People v. Brown* (1985), 131 Ill. App. 3d 859, 476 N.E.2d 469.) However, a defendant is not incompetent to stand trial merely because he possesses some mental or physical defect, but only if such defect prevents him from understanding the nature and purpose of the proceedings against him or prevents him from assisting in his own defense. (Ill. Rev. Stat. 1987, ch. 38, par. 104—10; *People v. Branson* (1985), 131 Ill. App. 3d 280, 475 N.E.2d 905.) A defendant is presumed to be fit (Ill. Rev. Stat. 1987, ch. 38, par. 104—10), and the trial court is not obligated to conduct a hearing to determine a defendant's fitness to proceed unless a *bona fide* doubt as to his fitness is raised. (Ill. Rev. Stat. 1987, ch. 38, par. 104—11.) Furthermore, whether a *bona fide* doubt as to a defendant's fitness is raised is a decision which rests in the sound discretion of the trial court and will not be overturned unless it appears that the trial court abused its discretion. *People v. Brown* (1985), 131 Ill. App. 3d 859, 476 N.E.2d 469.

■ In the present case it does not appear that the trial court abused its discretion by failing to hold a fitness hearing prior to trial. Although the trial court ordered, upon defense counsel's request, that defendant undergo behavioral examination, defendant refused to participate and defense counsel never requested a fitness hearing prior to trial. The fact that defense counsel asked that defendant be examined did not, in itself, bring the issue of defendant's competency into question such that the trial court should have ordered a fitness hearing *sua sponte*. This is because a defendant may be competent to participate at trial even though his mind is otherwise unsound. (*People v. Eddmonds* (1991), 143 Ill. 2d 501; *People v. Owens* (1990), 139 Ill. 2d 351, 362, 564 N.E.2d 1184.) Moreover, even if a defendant is known to suffer from mental disturbance, a *bona fide* doubt as to that defendant's competency is not created, since fitness only speaks to a person's ability to function in the context of trial, not to his competence in other areas. *People v. Eddmonds* (1991), 143 Ill. 2d 501; *People v. Jones* (1982), 109 Ill. App. 3d 120, 440 N.E.2d 261.

Thus, the relevant issue in this case is whether the record reflects that the trial court's observations of the defendant and the information made known to it support a finding that defendant was able to understand the nature and meaning of the proceedings and that he could assist in his defense. We believe that it does.

■ The record contains the transcripts of numerous hearings held between July 21, 1987, and the date of trial, October 3, 1988. It is evident from these transcripts that defendant's behavior throughout this period was relevant and appropriate and that he remained oriented as to time, place and events. Our review of the record reveals nothing which might have caused the trial court to become concerned that defendant was not fit for trial. In fact, defendant is a college graduate with a degree in civil engineering, who remained employed throughout the extended pretrial period. Furthermore, his questions and comments to the court on various occasions indicated that he not only understood the proceedings, but that he could affirmatively assert his rights, often doing so to request certain counsel, to request a continuance or to refuse to participate in psychological testing.

We realize that there are several references in the record to defendant's refusal to cooperate with his counsel. Specifically, defendant apparently disagreed with his attorney and refused to accept counsel's advice as to the best course of action to take in the defense of the charges. However, we believe that the defendant's refusal to cooperate with counsel in this manner is distinguishable from a defendant's inability to cooperate with his own defense and does not require a finding that defendant was unfit for trial. See *People v. Joseph* (1988), 176 Ill. App. 3d 636, 640, 531 N.E.2d 432; *People v. Pittman* (1979), 75 Ill. App. 3d 683, 686, 394 N.E.2d 702.

Lastly, the trial itself supports the finding that the trial court was not obligated to conduct a fitness hearing. Defendant testified at his trial in a rational and reasonable manner, assisting his attorney in presenting the defense of self-defense.

■ We also find that the claimed error of unfair comments by the prosecution is without merit. Defendant did not object to any of the comments at trial, and it does not appear, due to the overwhelming evidence against defendant presented in this case, that the comments, whether improper or not, had any prejudicial effect. (See *People v. Hayes* (1990), 139 Ill. 2d 89, 134, 564 N.E.2d 803.) In any event, we do not find the comments improper since we find that the complained-of comments were reasonable arguments based on the evidence or inferences drawn therefrom. (*People v. Amos* (1990), 204 Ill. App. 3d 75, 85, 561 N.E.2d 1107.) Thus, defendant was not denied a fair trial.

We do find, however, that defendant was improperly sentenced and that the case must be remanded for resentencing.

Defendant was charged with attempted murder, aggravated battery and armed violence, predicated upon the aggravated battery. He was found guilty only of aggravated battery and armed violence. Consequently, defendant contends that he was found not guilty of the Class X offense of attempted murder but was still sentenced as a Class X offender because his Class 3 aggravated battery conviction was enhanced by the fact that he was convicted of the Class X armed violence offense predicated upon the aggravated battery. In this manner, he argues he was denied his constitutional guarantee of proportionate penalties and due process. We agree.

■ As a general proposition, where a single physical act forms the basis for more than one offense, a defendant may be prosecuted for all such offenses, but may have only one conviction and sentence imposed. (*People v. Segara* (1988), 126 Ill. 2d 70, 533 N.E.2d 802.) Furthermore, where a defendant is charged with committing a felony, such as aggravated battery, and also charged with armed violence predicated upon the commission of that same felony, the underlying felony is a necessarily included offense of the armed violence charge, and the convictions for both the armed violence and the underlying felony may not stand where a single act is the predicate for both charges. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477.) In such instances it has been held proper to vacate the less serious conviction and enter judgment and impose sentence only on the more serious offense of armed violence. See *Donaldson*, 91 Ill. 2d at 170.

In the present case defendant was found guilty of aggravated battery and armed violence predicated upon the aggravated battery. In accordance with the holding in *Donaldson*, he was sentenced only on the armed violence conviction. However, despite the fact that aggravated battery causing great bodily harm has been found to be a proper predicate felony for armed violence (*People v. Drakeford* (1990), 139 Ill. 2d 206, 210, 564 N.E.2d 792), we question whether it was proper to have sentenced defendant based upon the armed violence conviction rather than the aggravated battery conviction under the facts of this case.

In *Drakeford* it was noted that the armed violence statute has been the subject of much judicial interpretation. The purpose of the armed violence statute is to deter or discourage those who contemplate a felonious act from carrying a weapon during the course of the felony. Because of this express purpose, courts have held that the armed violence statute may not be applied in instances where the

underlying felony does not entail a premeditated act. (See *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48; *People v. Fernetti* (1984), 104 Ill. 2d 19, 470 N.E.2d 501.) The court in *Drakeford* also seems to expand this notion and indicates that it may sometimes be necessary to go beyond literal definitions to determine whether the armed violence statute is being improperly utilized to enhance less culpable conduct.

In *People v. Clay* (1987), 165 Ill. App. 3d 68, 518 N.E.2d 659, the court recognized that aggravated battery may encompass unpremeditated acts. The court in *Clay* noted that although aggravated battery, like voluntary manslaughter, is committed knowingly or intentionally, the aggravated battery statute does not consider whether mitigating factors, such as the lack of premeditation or an unreasonable belief in the need for deadly force, are present. Based upon *Drakeford*, we believe that these mitigating factors, though missing from the statute, may be considered before applying the armed violence statute.

■ In the present case, defendant was charged with the offense of attempted murder and he presented the defense of self-defense. Apparently the jury did not believe that defendant acted with an intent to kill and that, while defendant committed a battery while possessing the intent or knowledge that his actions would result in great bodily harm, some mitigating factors were present. The facts of this case indicate that defendant did not act with premeditation, and defendant presented testimony that he may have acted after some provocation. We believe that under these circumstances defendant's conviction for the Class 3 felony of aggravated battery should not be enhanced to a Class X felony by the armed violence statute.

For this reason we remand for resentencing and direct the trial court to vacate the conviction for armed violence and sentence defendant based upon the aggravated battery conviction.

This court has found that in cases of this nature, where a sentence is seven years or less, the defendant has been released by the time the appeal has become final. To avoid this unfair result and believing that justice demands a correction of a sentencing error, we affirm the aggravated battery conviction and remand for resentencing without oral argument.

Affirmed in part and remanded for resentencing.

GORDON and McNULTY, JJ., concur.