THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES AMOS, Defendant-Appellant.

First District (4th Division)   No. 1—86—3410

Opinion filed September 20, 1990.

Michael J. Pelletier and Martin Carlson, both of State Appellate Defender's Office, Coffield, Ungaretti, Harris & Slavin, and James Amos, *pro se*, all of Chicago (J. Timothy Eaton, Steven J. Roeder, and David S. Mandel, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a jury trial, John Amos, defendant, was found guilty of murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)(1)), home invasion (Ill. Rev. Stat. 1985, ch. 38, par. 12—11(a)(1)), attempted armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 8—4), and armed violence (Ill. Rev. Stat. 1985, ch. 38, pars. 33A—1, 33A—2). Defendant was sentenced to concurrent terms of 30 years for the murder count, 28 years each for the home invasion and armed violence counts, and 15 years for the attempted armed robbery count.

Defendant appeals, seeking the reversal of his conviction and remand of the cause for a new trial or, in the alternative, vacation of all improper multiple convictions. Counsel on behalf of defendant raises the following issues: (1) whether the trial court and the prosecution improperly commented on defendant's failure to testify; (2) whether the trial court's order prohibiting defendant from introducing certain exculpatory evidence constitutes reversible error; (3) whether defendant was denied the right to a fair trial due to the prosecution's improper impeachment of his defense witness; (4) whether the trial court erred in its failure to continue the trial when a "critical" im-

peachment witness for the defense could not be located; and (5) whether defendant's multiple convictions were improper and should be reversed.

In addition to the above, defendant raises the following issues in his *pro se* brief: (1) whether he was denied effective assistance of post-trial counsel; (2) whether he was advised of his right to counsel; (3) whether the prosecution knowingly used perjured testimony; (4) whether improper and prejudicial comments were made by the judge and prosecution; and (5) whether the trial court improperly denied defendant's oral motion for substitution of judges.

We affirm in part and vacate in part.

At trial, the evidence established that on May 21, 1986, shortly after 2:30 a.m., Harold Sylvester visited Hattie Bennett in her apartment. Bennett had previously observed several people, including defendant and Aaron Trimble, standing outside of her building that morning. Bennett used her apartment as a "cocaine house." In exchange for a fee, she allowed others to sell or smoke cocaine on her premises.

Sylvester had been in Bennett's apartment for several minutes when, according to Bennett's testimony, Trimble and defendant burst into the apartment. Trimble entered first, carrying a shotgun. When Trimble saw Sylvester, he ordered defendant to point the gun that defendant was carrying at Sylvester. Defendant refused; Trimble then demanded that Sylvester repay the $40 that Sylvester owed him. Sylvester promised to repay Trimble when he received his paycheck the following week. Defendant also, allegedly, interceded on Sylvester's behalf and told Trimble that Sylvester would pay him.

Trimble then told defendant to give him the handgun that he was carrying. In return for the handgun, Trimble gave defendant his shotgun. Trimble, who was enraged, threatened to hit Sylvester with the handgun. While Trimble was threatening Sylvester, defendant held the shotgun with his "hand on the trigger and barrel pointed slightly upwards."

At some point, Sylvester bent down to pick up a piece of paper. As he was standing up, Trimble shot him. Sylvester, however, was able to leave Bennett's apartment after he had been shot. Defendant and Trimble followed Sylvester out of the apartment and into the hallway. Bennett testified that on their way out, Trimble told Sylvester that he "ought to shoot him again."

Officer Darwin Adams of the Harvey, Illinois, police force testified that at approximately 2:44 a.m., on the morning of May 21, 1986, he was called to respond to shots in the area of Bennett's apartment.

When he arrived at Bennett's apartment, he found Sylvester lying facedown outside of the apartment. Shaki Teas, the deputy medical examiner, later testified that the cause of death was due to a gunshot wound to the chest.

Although defendant chose a *pro se* defense, the trial court appointed an assistant public defender as standby counsel. Defendant did not testify at trial. He did, however, present Lenora Logan as his sole occurrence witness. Logan testified that defendant was in Bennett's apartment prior to Sylvester's arrival. This was also prior to the time that Trimble arrived. She stated that the shooting was an accident. The gun that Trimble held accidentally went off when Sylvester pushed the gun away from him.

After hearing all of the evidence, the jury found defendant guilty of murder, home invasion, armed violence, and attempted armed robbery. It is from this decision that defendant now appeals.

As a preliminary matter, we note that it is not the function of a court of review to retry the defendant. (*People v. Phillips* (1989), 127 Ill. 2d 499, 509.) There is no issue raised as to the sufficiency of the evidence against defendant. Defendant's arguments for reversal are based upon alleged errors made by the prosecution or the court. The evidence of defendant's guilt was overwhelming, and he was properly found guilty beyond a reasonable doubt.

We will now address the first of five issues raised by defendant through his counsel. It is contended that reversible error was committed when comments were made concerning defendant's failure to testify. Specifically, defendant points to remarks made by the State alluding to his failure to subject himself to cross-examination; remarks made that jurors should not consider evidence by witnesses that do not take the stand; and implications made that defendant had the burden to prove his innocence.

Defendant also points to a remark made by the court, in sustaining a hearsay objection, which highlighted his failure to testify. While conducting a redirect examination of Logan, defendant asked her if he had been involved in a conversation with Trimble concerning Sylvester. The trial court informed him that only he could testify to this alleged conversation but that he had a right to take the stand.

The State maintains that defendant waived consideration of this issue by failing to object to these alleged improprieties both at the time the remarks were made and in his two motions for a new trial. (*People v. Enoch* (1988), 122 Ill. 2d 176.) We agree.

■■ When a defendant represents himself, he assumes the responsibility for conducting his own defense and is not entitled to favored

treatment. (*People v. Beardsley* (1985), 139 Ill. App. 3d 819, 826.) We cannot give defendant special consideration due to his failure to raise these objections at the appropriate time. We find, therefore, that defendant waived this issue.

Even assuming, *arguendo*, that defendant had not waived this issue, we find that because of the overwhelming nature of the evidence against defendant the error, if any, is harmless beyond a reasonable doubt. See *People v. King* (1972), 4 Ill. App. 3d 942.

The second issue raised is whether the trial court's prohibiting certain exculpatory evidence from being introduced constitutes reversible error. The trial court sustained the State's hearsay objection to a question defendant posed to Logan concerning a conversation he had with Trimble. Defendant now argues that evidence of this conversation would show that he had tried to prevent the shooting by telling Trimble that Sylvester would repay the $40 owed to him.

■ Defendant contends that this question would not evoke a hearsay response or, in the alternative, if a hearsay response had been evoked it would have come within one of the exceptions to the hearsay rule. Hearsay has been defined as testimony given in court, of a statement made out of court, being offered as an assertion to show the truth of the matters asserted therein. (*People v. Carpenter* (1963), 28 Ill. 2d 116, 121.) Defendant argues that the question was not offered to get a response concerning evidence of the facts asserted, but as circumstantial evidence that he acted to intercede on Sylvester's behalf.

The State maintains that since defendant made no offer of proof indicating what Logan's response would be, it would be improper for the court to allow defendant to pose such a question based on speculation that the response would not have contained hearsay or that it would have been within one of the hearsay exceptions. We agree.

■■ ■ "Generally, an offer of proof must be tendered to preserve for review a question of the wrongful exclusion of evidence. [Citations.] *** [W]here the trial court is sufficiently aware of the purpose for which the evidence is offered and the substance of the testimony sought to be elicited, an offer of proof need not be tendered." (*People v. Christen* (1980), 82 Ill. App. 3d 192, 196.) In the instant case, there is nothing in the record that indicates the trial court was aware of the purpose or the substance of the testimony. Under the circumstances, an offer of proof should have been made to preserve this issue for review.

Further, as the State correctly argues, defendant must show that the outcome of his trial would have been different had the excluded

testimony been admitted. (*People v. Gomez* (1984), 127 Ill. App. 3d 551, 556.) The evidence against defendant was overwhelming. We do not find that the outcome would have been affected if Logan had been allowed to testify to the conversation Trimble had with defendant.

The third issue raised is whether defendant was denied a fair trial due to the State's allegedly improper impeachment of defendant's sole occurrence witness, Lenora Logan. The State maintains that this issue was waived by defendant's failure to object to the State's method of impeachment of this witness. Although this issue may have been waived, we do not find that the State's impeachment of Logan rises to the level of reversible error.

Defendant argues that the impeachment was improper because: (1) the State never perfected its impeachment of Logan concerning conflicting statements she allegedly made concerning the details of the incident; (2) the State improperly went into collateral issues of her previous convictions after Logan had admitted to these convictions; and (3) the State impeached her concerning an arrest and not a conviction.

The first point defendant raises concerns Logan's testimony that she was in the same room with Trimble and defendant when Sylvester was shot. The State, in impeaching her, brought out the fact that, prior to trial, she stated that she had been in another room when the shooting took place. Defendant argues that the State never attempted to prove up these allegedly inconsistent statements which destroyed the credibility of his sole occurrence witness.

The incomplete impeachment of a witness rises to the level of reversible error when the allegedly unfounded insinuation, that the witness is incredulous, is substantial, repeated and definitely prejudicial. (*People v. Redman* (1985), 135 Ill. App. 3d 534, 542.) Although the insinuation was substantial, it was not repeated nor was it prejudicial in light of the overwhelming evidence against defendant.

Defendant's contentions with respect to the last two points raised are valid. We find that the State unnecessarily delved into Logan's previous convictions and that her impeachment due to a previous arrest for prostitution was improper. However, we do not find that this conduct rises to the level of reversible error as the outcome of this case would not have been affected had the State properly impeached this witness. The error, therefore, was harmless.

The fourth issue raised is whether the trial court erred by failing to continue the trial until a "critical" impeachment witness could be located. The witness in question was police officer Ron Burge. Officer Burge stated, in his report of the incident, that Bennett had informed

him that one of her house guests had opened the door for Trimble. However, at trial Bennett testified that Trimble and defendant burst through her door. Defendant argues that he would have impeached Bennett's testimony had the trial court allowed him additional time to subpoena Burge. The trial court, defendant contends, abused its discretion in denying the defense a continuance.

██ █ The grant or denial of continuances is within the sound discretion of the trial court; the trial court's disposition will not be disturbed absent a showing of clear abuse of discretion. Moreover, facts must be present showing a diligent effort to procure this witness. (*People v. Bryant* (1983), 115 Ill. App. 3d 215, 221.) We are not persuaded that defendant did not diligently attempt to procure this witness as the witness in question was one of the State's witnesses and defendant relied on the State to call this witness. However, we do not find that this rises to the level of reversible error. The verdict did not hinge on the impeachment of this particular aspect of Bennett's testimony. The error, therefore, was harmless.

Finally defendant argues, through his counsel, that his multiple convictions are improper and must be reversed. Defendant was found guilty of murder, home invasion, attempted armed robbery and armed violence. Since all of the convictions arise from the same act, defendant reasons, all of the convictions must be vacated with the exception of the murder conviction.

The State, on the other hand, maintains that with the exception of the armed violence conviction defendant's other convictions do not involve lesser included offenses nor do they arise from the same act. We agree.

██ In *People v. King* (1977), 66 Ill. 2d 551, 566, the Illinois Supreme Court held that when more than one offense arises from a series of closely related acts and the offenses are not lesser included offenses, convictions with concurrent terms may be entered. In the instant case, with the exception of the armed violence conviction, the offenses, though closely related, are not included in one another. Since these are separate and distinct acts, pursuant to *King*, concurrent terms may be imposed. However, we vacate the armed violence conviction.

We will now address the five issues raised by defendant in his *pro se* brief. Defendant first contends that post-trial counsel rendered ineffective representation. Defendant argues that counsel only reluctantly agreed to defend him after he withdrew from his own defense; that counsel did not adequately advise him in the preparation of his defense; and that because counsel was aware that defendant had filed

a motion charging ineffective assistance of counsel, a conflict of interest arose.

In *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, the United States Supreme Court established the following two-prong test to determine whether a defendant has been denied effective assistance of counsel: (1) defendant must show counsel's representation fell below an objective standard of reasonableness; and (2) defendant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.

There must be reasonable probability that the outcome would have been different had it not been for counsel's ineffective representation. (*People v. Bryant* (1989), 128 Ill. 2d 448, 458.) However, there is a strong presumption that counsel's conduct falls within the reasonableness standard. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.

We are not persuaded that post-trial counsel's representation fell below an objective standard of reasonableness, nor do we find that the outcome would have differed had it not been for counsel's allegedly ineffective representation. As the State notes, counsel was present throughout the proceedings; she conferred with defendant, reviewed the report of proceedings, and filed a post-trial motion.

Defendant does not state which issues counsel failed to raise that would have resulted in a different verdict. Further, after reviewing the record, we do not find any evidence to support the allegation that counsel did not act as an advocate due to defendant's motion alleging ineffective representation. In light of the evidence presented against defendant, we find that, pursuant to *Strickland*, there was no reasonable probability that the outcome would have changed had defendant had different representation.

Next defendant argues that the trial court did not admonish him as to his right to counsel. This contention is simply unfounded. The record reveals that prior to trial the court questioned defendant concerning his choice to defend himself. Defendant informed the court that he understood the consequences of his decision, as he had successfully defended himself on a prior occasion when he was charged with murder. The court, notwithstanding defendant's prior experience, also appointed standby counsel to assist him in his defense. Defendant's argument with respect to this issue is completely without merit.

Defendant next contends that the State knowingly used perjured testimony when Bennett testified that Trimble and defendant burst

into her apartment. Defendant alleges that, contrary to her testimony, Bennett had previously told Officer Burge that she had voluntarily let them into her apartment. Officer Burge's police report that allegedly contained Bennett's statement was never entered into evidence.

We do not find that the inconsistency between Bennett's testimony and her alleged statement to Officer Burge establishes that the State knowingly used perjured evidence. Mere inconsistencies in testimony do not establish perjury or that the State knowingly used perjured evidence. (*People v. Reddick* (1969), 107 Ill. App. 2d 123, 131.) Defendant's contention fails with respect to this issue.

The fourth issue defendant raises for our review is whether the State and the court made prejudicial comments before the jury that constituted reversible error. Defendant argues that the court bolstered the State's case when it commented that one of the police officers had destroyed his notes concerning an interview with Bennett. This comment was in response to the defendant's demand for production of these notes. The notes in question had been incorporated into the officer's police report. Defendant had a copy of this report. We do not find that defendant was prejudiced by this remark. As the State correctly argues, the court merely clarified the fact that the officer took some notes which he later destroyed. The court expressed neither approval nor disapproval of the officer's actions.

Defendant also contends that the State made prejudicial remarks during closing arguments concerning Lenora Logan's motive for testifying. The State argued to the jury that Logan had lied on the stand out of fear of reprisal from defendant.

Attorneys are allowed great latitude in closing arguments. (*People v. Franklin* (1976), 42 Ill. App. 3d 408, 421.) Reversible error, however, exists where improper arguments substantially prejudice the accused. (*People v. Cregar* (1988), 172 Ill. App. 3d 807, 825-26.) This is particularly applicable where the remarks were extremely prejudicial, deliberately made, and the primary evidence against defendant is circumstantial. (*People v. Whitlow* (1982), 89 Ill. 2d 322, 342.) Reviewing courts are reluctant to set aside a verdict based upon closing remarks unless such remarks are clearly prejudicial. *Franklin*, 42 Ill. App. 3d at 421.

We do not find that these remarks rise to the level of reversible error. A prosecutor may charge that a witness has lied as long as that opinion is based on the evidence or reasonable inferences therefrom. (*People v. Adams* (1982), 106 Ill. App. 3d 467, 474.) The State's comment was based on its observation of Bennett's fear of defendant and the fact that Logan had observed defendant with a gun at the

time of the incident. We do not find it unreasonable to infer that, under the circumstances of this case, Logan's motive for her testimony was based on fear of defendant.

Defendant's final argument concerns remarks made by the court in its refusal to delay trial so that defendant could subpoena Officer Burge. As we previously found, the court did not commit reversible error in refusing to delay trial. We find that the comments made by the court concerning its basis for denying defendant's request were not prejudicial, as the comments were made out of the presence and the hearing of the jury.

The final issue that defendant raises for review concerns the trial court's denial of his request to substitute judges. Defendant claims that the trial court judge "seem[ed] to be hostile toward the defense." Section 114—5 of the Code of Criminal Procedure of 1963 (hereinafter Code) provides, in pertinent part:

> "(a) Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. ***
> ***
> (c) *** [A]ny defendant may move at any time for substitution of judge for cause, supported by affidavit." Ill. Rev. Stat. 1985, ch. 38, pars. 114—5(a), (c).

The right to substitution of judges is not absolute, and defendant, in order to avail himself of such right, must comply with the statute. (*People v. Clay* (1984), 124 Ill. App. 3d 140, 147.) A defendant cannot complain that he was entitled to substitution of judges after having refused to bring his motion in compliance with the statute. *Clay*, 124 Ill. App. 3d 147.

Further, lack of specificity in a motion for substitution is a valid reason for denial in the absence of a hearing. Substantiation of such a claim insures that defendant's allegations of prejudice are not frivolously made. (*People v. Marshall* (1988), 165 Ill. App. 3d 968, 975.) In the instant case, defendant's motion for substitution of judges was made orally merely on the basis that the judge "seem[ed] to be hostile." This motion, however, was not supported by affidavit. Nor do we find, after reviewing the record, evidence of this alleged hostility. We, therefore, find that motion for substitution of judges was properly denied.

Accordingly, the decision of the circuit court is affirmed in part; the armed violence conviction is vacated. As part of our judgment, we grant the State's request that defendant be assessed $75 as costs and fees for this appeal, pursuant to *People v. Agnew* (1985), 105 Ill. 2d 275, and *People v. Nicholls* (1978), 71 Ill. 2d 166.

Affirmed in part; vacated in part.

McMORROW, P.J., and LINN, J., concur.