# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Moore*, 2012 IL App (4th) 100939

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY LEE MOORE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0939 |
| Filed<br>Rehearing denied | February 17, 2012<br>February 28, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was convicted of multiple drug offenses arising from a purchase of cocaine by a confidential informant, the trial court's denial of defendant's petition for relief from his convictions filed under section 2-1401 of the Code of Civil Procedure was affirmed, notwithstanding defendant's contentions that the trial court erred in finding that he was not entitled to a new trial based on his claim that the detective involved in the transaction that resulted in defendant's arrest testified at trial that the "buy money" was discovered on defendant's person, but at a juvenile hearing involving the son of defendant's girlfriend, the detective testified the money was found on the girlfriend, since the evidence against defendant was overwhelming, the girlfriend was driving the car in which defendant and the informant made the transaction, the evidence indicated defendant and his girlfriend were engaged in a criminal drug conspiracy, and the detective's mistaken testimony that defendant had the "buy money" could not have affected the outcome. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 03-CF-570; the Hon. Robert L. Freitag, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Allen H. Andrews, all of State Appellate Defender's Office, of Springfield, for appellant. |
| | Ronald C. Dozier, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.<br>Justices Steigmann and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1    In October 2003, the trial court found defendant, Terry Lee Moore, guilty of criminal drug conspiracy, unlawful delivery of a controlled substance, unlawful possession of a controlled substance with intent to deliver, and unlawful possession of a controlled substance. In February 2004, defendant was sentenced to prison. In September 2010, defendant filed a petition for relief from judgment. In November 2010, the trial court denied the petition.

¶ 2    On appeal, defendant argues (1) he was not required to prove a police officer's false testimony constituted perjury and (2) the trial court erred in finding he was not entitled to a new trial. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In June 2003, the State charged defendant by information with single counts of criminal drug conspiracy (count I) (720 ILCS 570/405.1 (West 2002)), unlawful delivery of a controlled substance (count II) (720 ILCS 570/401(d) (West 2002)), unlawful possession of a controlled substance with intent to deliver (count III) (720 ILCS 570/401(d) (West 2002)), and unlawful possession of a controlled substance (count IV) (720 ILCS 570/402(c) (West 2002)).

¶ 5    In October 2003, defendant's bench trial commenced. Charles Benford testified he was a confidential source for the Bloomington police department. He stated that on June 17, 2003, he called defendant to arrange the purchase of cocaine. Detective John Atteberry gave him $60 to purchase the drugs. Benford agreed to meet defendant at a gas station. When

defendant arrived in a car driven by a woman, Benford got into the car. As they drove around, defendant told Benford to choose two bags of drugs. Benford did so, and defendant took the money. After Benford exited the car, he met with Detective Atteberry to hand over the drugs. On cross-examination, Benford stated the police paid him for his drug buys. He was also hoping to get paid for his testimony.

¶ 6 Bloomington police officer Peter Avery testified he searched defendant following his arrest. The search revealed a small plastic bag, identified as exhibit No. 6, that appeared to be cocaine. Avery stated he found no drug paraphernalia on defendant.

¶ 7 Bloomington police detective John Heinlen testified he participated in the stop of the vehicle in which defendant was a passenger and Terry Rembert was the driver. Heinlen stated he searched defendant and found $70 in cash, which he identified as exhibit No. 2. On Rembert's person, Heinlen stated he found $60 in cash, which he identified as exhibit No. 4. Heinlen testified $60 of the money taken from defendant (exhibit No. 2) matched the photocopied money used in the controlled drug buy. Heinlen found approximately $400 in a purse, as well as cocaine, identified as exhibit No. 5, inside the car.

¶ 8 Bloomington police detective John Atteberry testified Benford agreed to work as a confidential source. Benford was paid $160 for this case and $2,100 for his work over four months in other investigations. Benford was also provided lodging and spending money when he came to testify against defendant.

¶ 9 Prior to the transaction with defendant, Detective Atteberry gave Benford $100 after searching him and finding no contraband. At the gas station, Benford got into the car and left. After the car returned less than five minutes later, Benford exited the vehicle. He walked over to Atteberry and transferred the cocaine he had just purchased from defendant.

¶ 10 After defendant was arrested, Detective Atteberry read him his rights and spoke with him. Defendant stated he had a cocaine habit. He also stated the driver of the car was his girlfriend, Terry Rembert. Defendant stated he uses cocaine but does not sell it.

¶ 11 Kerry Nielsen, a forensic scientist with the Illinois State Police, analyzed exhibit Nos. 1 and 5. Exhibit No. 1 was two plastic bags with four-tenths of a gram of a substance containing cocaine. Exhibit No. 5 was a plastic bag with one-tenth of a gram of a substance containing cocaine.

¶ 12 Defendant did not testify. Following closing arguments, the trial court found defendant guilty on all four counts. In February 2004, the court sentenced him to seven years in prison on count I. The court ordered the sentence to run consecutively to the sentences imposed in two unrelated felony cases. The court did not sentence defendant on the other three counts.

¶ 13 Defendant appealed, docketed No. 4-04-0288. In August 2004, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2004)). In June 2005, defendant filed a *pro se* petition for *habeas corpus* relief. 735 ILCS 5/10-102 (West 2004). In July 2005, the trial court denied defendant's petition for *habeas corpus* but directed the State to file an answer to or a motion to dismiss the postconviction petition. In September 2005, defendant filed a first-amended postconviction petition.

¶ 14 In January 2006, in No. 4-04-0288, this court remanded defendant's case for Rule 605(b)

(Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001)) admonitions in case No. 02-CF-1511, directed the circuit clerk to amend the sentencing judgment in case No. 02-CF-1142, modified defendant's sentence in case No. 02-CF-1142, and affirmed the trial court's judgment in all other respects. *People v. Moore*, No. 4-04-0288, slip order at 3 (Jan. 24, 2006) (unpublished order under Supreme Court Rule 23).

¶ 15    In August 2006, the State filed a motion to dismiss the first-amended postconviction petition. In October 2006, the trial court found no merit in the petition. Defendant appealed. In May 2008, this court granted defendant's motion to dismiss his appeal. *People v. Moore*, No. 4-06-0948 (May 6, 2008) (dismissal on defendant's motion).

¶ 16    In March 2009, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401 (West 2008)). In part, defendant alleged his due-process rights were violated when Detective Heinlen's perjured testimony was used during his trial. Specifically, defendant claimed Heinlen falsely testified he found the money from the drug transaction on defendant as opposed to Rembert. In June 2009, defendant moved to withdraw his petition for relief from judgment.

¶ 17    In August 2009, defendant filed a petition for postconviction relief accompanied by a motion for leave to file a second postconviction petition. Defendant claimed his due-process rights were violated through the use of Heinlen's perjured testimony. In January 2010, the trial court denied defendant's request to file a successive postconviction petition. However, the court found defendant's perjury claim was the same set forth in his petition for relief from judgment. Therefore, the court ordered defendant's postconviction petition be treated as a section 2-1401 petition. The court also ordered the State file an answer or responsive pleading within 30 days. In June 2010, the court denied the State's motion to dismiss and set the cause for a hearing.

¶ 18    In September 2010, defendant filed an amended section 2-1401 petition, alleging the State knowingly used Heinlen's perjured testimony. Defendant claimed Heinlen testified at Rembert's hearing that she had possession of the money used in the drug transaction.

¶ 19    In November 2010, the trial court conducted a hearing on the amended section 2-1401 petition. Pursuant to defendant's request, the court admitted transcripts of Heinlen's testimony in case No. 03-CF-570 (this case) in November 2003 and Heinlen's testimony in case No. 03-JA-42, an adjudicatory hearing in December 2003 to determine whether codefendant Rembert's son should be adjudicated a neglected minor.

¶ 20    At the adjudicatory hearing in case No. 03-JA-42, Officer Heinlen testified he participated in the surveillance of the drug buy on June 17, 2003. He observed Rembert, defendant, and a child in the car. After the vehicle was stopped, he found crack cocaine near the passenger seat. Heinlen searched defendant and recovered $70 and a cellular telephone. He stated $60 had been given to the confidential source to buy drugs. When the State sought to clarify where the $60 was found, Heinlen stated it was taken from Rembert.

¶ 21    On cross-examination, Heinlen testified the $70 was marked as exhibit No. 2. He stated the $60 was not part of exhibit No. 2. When defense counsel asked if seeing his report would refresh his recollection, Heinlen stated as follows:

"Yes. Okay. That would be typographical error because the photocopied money was three $20 bills, which is $60. The $70 was found on [defendant]; and the $60 on Rembert. When I wrote in this report that I wrote when I said it was Exhibit [No.] 2, I should have wrote Exhibit [No.] 4. That was an accident."

On further cross-examination, Heinlen stated the money used by the confidential source was found on Rembert.

¶ 22    Following closing arguments, the trial court found Detective Heinlen had testified differently in the two proceedings. In defendant's trial, Heinlen testified the money given to the confidential source to buy drugs was found on defendant's person. In the adjudicatory hearing a month later, Heinlen testified the money was found on Rembert, claiming he had made a mistake in his police report. Although Heinlen provided different testimony, the court found it was simply "an unfortunate mistake" and not willfully and purposefully given. The court also found the error did not affect the outcome of the case because the evidence was not closely balanced. The court stated whether the money was found on defendant or Rembert was "irrelevant to that finding of criminal drug conspiracy because the charge is that the two of you conspired to sell drugs." The court denied defendant's petition for relief from judgment. This appeal followed.

¶ 23                                  II. ANALYSIS

¶ 24    Defendant argues he was not required to prove Detective Heinlen's false testimony constituted perjury, but if he was, he did so. The State argues the trial court properly found Heinlen's conflicting statements constituted a mistake. We agree with the State.

¶ 25          A. Section 2-1401 Petition for Relief From Judgment

¶ 26    Section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West 2008)) sets forth the procedure to vacate a final judgment order older than 30 days. "In criminal proceedings, a petition filed pursuant to section 2-1401 seeks to correct all errors of fact occurring in the prosecution of a case that were unknown to the petitioner and the court at the time of trial, which, if then known, would have prevented the judgment from being entered." *People v. Thomas*, 364 Ill. App. 3d 91, 98, 845 N.E.2d 842, 850 (2006).

¶ 27    "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8, 871 N.E.2d 17, 22 (2007). The supreme court has noted "section 2-1401 is a civil remedy that extends to criminal cases as well as to civil cases." *Vincent*, 226 Ill. 2d at 8, 871 N.E.2d at 22-23.

¶ 28                                    B. Perjury

"A criminal conviction obtained through the State's knowing use of false testimony constitutes a violation of due process. [Citation.] A defendant seeking relief from a judgment based on false testimony may do so under section 2-1401 and need not

establish that the prosecution knowingly used false testimony. [Citation.] Where a criminal defendant seeks to overturn his conviction on the basis of perjured testimony, the defendant must not merely allege perjury by State's witnesses, but must present clear, factual allegations of perjury and not mere conclusions or opinions." *Thomas*, 364 Ill. App. 3d at 104, 845 N.E.2d at 855.

¶ 29    In his amended section 2-1401 petition and at the evidentiary hearing, defendant argued Detective Heinlen knowingly offered perjured testimony and that perjury required reversal of his conviction for criminal drug conspiracy. "A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law such oath or affirmation is required, he makes a false statement, material to the issue or point in question, which he does not believe to be true." 720 ILCS 5/32-2(a) (West 2008). "[W]here there are two contradictory statements made under oath, one of them is false; proof that a person had made a contradictory statement proves, of itself without the aid of any presumption, that the person has made a false statement." *People v. Kang*, 269 Ill. App. 3d 546, 551, 646 N.E.2d 279, 283 (1995) (citing *People v. Ricker*, 45 Ill. 2d 562, 565, 262 N.E.2d 456, 458 (1970)).

¶ 30    In the case *sub judice*, the trial court noted Heinlen testified the $60 was found on defendant's person. At the adjudicatory hearing a month later, Heinlen testified the $60 drug buy money was found on Rembert. The court agreed Heinlen's statements were in conflict but found the statements were not willfully and intentionally made. In looking at Heinlen's testimony at the adjudicatory hearing, the court stated Heinlen admitted making a mistake in the initial police report and the exhibit numbers.

¶ 31    Here, although Detective Heinlen offered a statement contradictory to his prior testimony, defendant failed to show he committed perjury. "[I]nconsistencies in testimony cannot be equated with perjury, nor does it establish or show that the State knowingly used perjured testimony." *People v. Craig*, 334 Ill. App. 3d 426, 439, 778 N.E.2d 192, 203 (2002) (citing *People v. Amos*, 204 Ill. App. 3d 75, 85, 561 N.E.2d 1107, 1115 (1990)). The trial court properly found defendant did not establish Heinlen committed perjury.

¶ 32    Defendant also argues the trial court applied the wrong evidentiary standard in deciding whether Heinlen committed perjury. Defendant contends the court required him to show clear and convincing evidence when relief under section 2-1401 is predicated on a preponderance-of-the-evidence standard. However, at the start of the hearing on the section 2-1401 petition, the court noted it was a civil matter and defendant had the burden of proof by a preponderance of the evidence. While the court later stated perjury claims must be established by clear and convincing evidence, the court was referencing case law on the perjury issue and the cases cited by defendant. We find the court applied the correct evidentiary standard.

¶ 33                                    C. New Trial

¶ 34    Defendant argues the trial court's ruling that he was not entitled to a new trial because he was not prejudiced by Detective Heinlen's false testimony was erroneous. We disagree.

¶ 35    In seeking a new trial under a section 2-1401 motion, "the new evidence must be so conclusive that it would probably change the result if a new trial is granted, must be material

-6-

to the issues, and must be more than merely cumulative to the trial evidence." *People v. Waters*, 328 Ill. App. 3d 117, 127, 764 N.E.2d 1194, 1202 (2002). Section 405.1(a) of the Criminal Code of 1961 (720 ILCS 570/405.1(a) (West 2002)) sets forth the offense of criminal drug conspiracy as follows:

> "A person commits criminal drug conspiracy when, with the intent that an offense set forth in Section 401, Section 402, or Section 407 of this Act be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit such an offense unless an act in furtherance of such agreement is alleged and proved to have been committed by him or by a co-conspirator." 720 ILCS 570/405.1(a) (West 2002).

¶ 36    In this case, the evidence of defendant's guilt was overwhelming. Benford called defendant to arrange a purchase of cocaine. Detective Atteberry transported Benford to a gas station where Benford was to meet with defendant for the transaction. Atteberry gave Benford $100 to purchase the drugs. Defendant arrived as a passenger in a car driven by Rembert. Upon defendant's request, Benford entered the car. Rembert then drove around the block. During this time, Benford asked for the cocaine. Defendant held out four bags and told Benford to choose two. Benford did so and gave defendant $60. After returning to the gas station and exiting the car, Benford handed over two bags of cocaine to Atteberry. After the car was stopped, defendant and Rembert were both searched. Cocaine was found in the car and a purse containing $400. Rembert also had $60 on her person.

¶ 37    The evidence in this case indicated defendant was engaged in a criminal drug conspiracy with Rembert. Although Rembert's role may have been limited, she provided transportation for defendant so he could execute the drug transaction. In the confined space of the vehicle, she would have been able to hear what was being said and see the deal being made between Benford and defendant. Moreover, if she had the money, as defendant argues, this further establishes the conspiracy between the two. The fact that Heinlen mistakenly testified the $60 in drug buy money was found on defendant cannot be said to have changed the outcome of this case. Also, that Benford was a former drug user and was being paid would not have changed the result against defendant had Heinlen not made a mistake in his testimony. The trial court was fully aware of Benford's history with drugs and his cooperation with police. As the new evidence would not have changed the outcome of the trial, the court did not err in denying defendant's amended petition for relief from judgment under section 2-1401.

¶ 38                                    III. CONCLUSION

¶ 39    For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 40    Affirmed.